**Not for Publication**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JEROME JOHNSON, | : | |
|  | : | Civil Action No. 22-5497 (JHR) |
| Petitioner, | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| WARDEN KNIGHT, | : | |
|  | : | |
| Respondent. | : | |

**RODRIGUEZ, Senior District Judge**

## I.     INTRODUCTION

Presently before the Court is *pro se* Petitioner Jerome Johnson's ("Petitioner") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner is a federal prisoner currently incarcerated at Fort Dix Federal Correctional Institution in New Jersey. For the reasons set forth below, the Court will summarily dismiss Petitioner's § 2241 Petition for lack of jurisdiction.

## II.     BACKGROUND

On April 2, 2014, a federal grand jury sitting in Camden, New Jersey returned an Indictment against Petitioner, charging him with: (1) conspiracy to commit murder-for-hire, 18 U.S.C. § 1958 (Count One); (2) conspiracy to possess and use a firearm during a crime of violence, 18 U.S.C. § 924(o) (Count Two); (3) murder-for-hire, 18 U.S.C. § 1958 (Count Three); (4) possession and use of a firearm during a crime of violence, 18 U.S.C. §924(c) (Count Four); (5) knowing transport of a firearm for use during the commission of a felony, 18 U.S.C. § 924(b) (Count Five); (6) knowing transfer of a firearm for use in a crime of violence, 18 U.S.C. § 924(h)

(Count Six); and (7) felon in possession of a firearm, 18 U.S.C. § 922 (Count Seven). (*See United States of America v. Johnson*, Crim. No. 14-173, ECF No. 1.) On July 31, 2014, Petitioner pled guilty  toCounts One, Four and Six. (*See id.*, ECF No. 26.)

On October 24, 2017, the Court sentenced Petitioner to imprisonment for a term of 60 months on each of Counts One and Six to be served concurrently, and a term of 108 months on Count Four to be served consecutively to the terms imposed on Counts One and Six, for a total term of 168 months imprisonment. (*Id.*, ECF No. 81.) Petitioner did not file a direct appeal.

On September 9, 2022, Petitioner filed the instant § 2241 Petition. (ECF No. 1.) Petitioner challenges his conviction, raising one ground for relief, arguing that his convictions for violating §§ 924 (c) and (h) are unlawful pursuant to *United States v. Davis*, —— U.S. ——, 139 S. Ct. 2319, 204 L.Ed.2d 757 (2019). (*Id.* at 6.)

### III.     STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### IV.     DISCUSSION

Petitioner challenges his conviction and sentence under 28 U.S.C. § 2241. Generally, however, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke*

2

*v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).  This is true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

 A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002). However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Id.* at 539. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538. "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a §2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over the Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; Cradle, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

Petitioner raises a single claim, that his conviction is no longer valid in light of *United States v. Davis*, ––– U.S. ––––, 139 S. Ct. 2319, 204 L.Ed.2d 757 (2019). (ECF No. 1 at 6.)

This Court lacks jurisdiction to consider Petitioner's *Davis* claim because § 2255 is not "inadequate or ineffective" to raise *Davis* claims. In *Davis*, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)(3)(B), defining a "crime of violence," was unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

A number of Circuit Courts of Appeal, including the Third Circuit, have held or implicitly held that *Davis* claims rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019); *United States v. Bowen*, 936 F.3d 1091, 1098 (10th Cir. 2019); *In re Matthews*, 934 F.3d 296 (3d Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019). Accordingly, those Courts have authorized numerous petitioners to pursue *Davis* claims in second or successive § 2255 motions. *Matthews*, 934 F.3d at 298 n.2.

Consequently, because Petitioner could have pursued a *Davis* claim through a § 2255 motion, this Court lacks jurisdiction to consider such a claim under § 2241. *Cradle*, 290 F.3d at

4

539. In other words, the proper vehicle for a *Davis* claim is a motion under § 2255, with one's sentencing court. *See Reece*, 938 F.3d at 635.

Whenever a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. It does not appear that Petitioner has ever filed a §2255 motion and nothing in this Opinion prevents him from doing so. This Court finds it is not in the interest of justice to transfer this action to the sentencing Court. Petitioner may file a §2255 motion should he elect to do so.[1]

## V.     CONCLUSION

For the foregoing reasons, Petitioner's § 2241 habeas petition is summarily **DISMISSED** due to a lack of jurisdiction. An appropriate order will be entered.

Dated: October 12, 2022

   */s/ Joseph H. Rodriguez*
**JOSEPH H. RODRIGUEZ**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court makes no findings as to the timeliness of any potential § 2255 motion Petitioner may file.